UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIA DEL PILAR NINO,

      Plaintiff,

v.

FLAGSTAR BANK, FSB,

      Defendant.

                              /

Case No. 2:16-cv-14407

HON. STEPHEN J. MURPHY, III

**OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS [32], ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [31], AND GRANTING DEFENDANT'S MOTION [15]**

This dispute involves a mortgage modification. Plaintiff's active claims include: (1) violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.204; (2) violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601; (3) breach of contract; (4) breach of covenant of good faith and fair dealing; and (5) fraud. *See* ECF 12 (alleging six counts); ECF 24 (withdrawing negligence count). The Court referred the matter to the Magistrate Judge, and then Defendant filed a motion to dismiss. ECF 14; ECF 15. The Magistrate Judge issued a Report and Recommendation ("Report") suggesting that the Court grant Defendant's motion, ECF 31, and Plaintiff objected, ECF 32. For the reasons set forth below, the Court will overrule the objections, adopt the Report, grant Defendant's motion, and dismiss the complaint.

**BACKGROUND**

The Report properly details the underlying facts and procedural history. ECF 31, PgID 694–97. The Court therefore adopts and incorporates that portion of the Report.

1

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pled factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar*, Inc., 553 F.3d 1000, 1005 (6th Cir. 2009).

## DISCUSSION

The Report recommends dismissing all of Plaintiff's claims. *See* ECF 31, PgID 720. Plaintiff raised four objections, but none relate to the Report's analysis of the fraud claim. *See* ECF 32. The Court therefore adopts the fraud analysis without further review

and will dismiss the claim. *Thomas*, 474 U.S. at 154. The Court will address Plaintiff's remaining claims in turn.

I.     Florida Deceptive and Unfair Trade Practices Act ("Trade Practices Act")

The Court will dismiss Plaintiff's Trade Practices Act claim because the statute does not apply to Defendant. The Trade Practices Act states that it does not apply to "[b]anks, credit unions, and savings and loan associations regulated by federal agencies[.]" Fla. Stat. § 501.212(4)(c). It is undisputed that Defendant is a federally regulated bank. *See* ECF 12, PgID 257, ¶ 2; ECF 32, PgID 727–30. Plaintiff argues, however, that the statutory exemption should not apply because Defendant's underlying actions pertained to mortgage servicing instead of banking activity. ECF 32, PgID 727.

Florida courts are split on how to interpret the exemption for federally regulated banks, and some case law supports Plaintiff's position. *See, e.g.*, *Larach v. Standard Chartered Bank Int'l (Americas) Ltd.*, 724 F. Supp. 2d 1228, 1238 (S.D. Fla. 2010). But the Report thoroughly explains why Plaintiff's argument is ultimately unpersuasive, and the Court independently agrees with the Magistrate Judge's analysis. First, the majority view in Florida courts is that a federally regulated bank is exempt from the Trade Practices Act regardless of the nature of the underlying conduct. *Regions Bank v. Legal Outsource PA*, No. 2:14-cv-476-FtM-29MRM, 2015 WL 7777516, at *5 (M.D. Fla. Dec. 3, 2015) (collecting cases). Second (and perhaps more importantly), Plaintiff's argument contradicts the statutory text. The Trade Practices Act plainly states that it does not apply to banks "regulated by federal agencies." Fla. Stat. § 501.212(4)(c). The text does not suggest that there is an exception to the exemption based on the federally regulated bank's pertinent activity. And the Court will not add language to an unambiguous

3

statute. Because Defendant is exempt from suit under the Trade Practice Act, the Court will dismiss Plaintiff's Trade Practices Act claim.

II. Real Estate Practices Act

The Court will dismiss Plaintiff's Real Estate Practices Act claim because it is barred by the statute of limitations. Plaintiff's claim pertains to Defendant's alleged failure to timely respond to a "qualified written request." ECF 12, PgID 269–70, ¶¶ 73 and 80; 12 U.S.C. § 2605(e). The statute of limitations for the claim is three years. 12 U.S.C. § 2614. The question is: When does the clock start running? And the statutory text provides the answer: "from the date of the occurrence of the violation[.]" *Id.*; *see also Falcocchia v. Saxon Mortg., Inc.*, 709 F. Supp. 2d 860, 868–69 (E.D. Cal. 2010) ("Because the conduct complained of is the failure to respond to the alleged qualified written request, the claim accrued, and the claim began to run, at the time of that failure."). The Report states that Defendant had until November 2013 to respond to Plaintiff's qualified written request, ECF 31, PgID 709, and Plaintiff does not object to that finding, ECF 32, PgID 730–33. Plaintiff did not file her complaint until December 2016—a month after the statute of limitations ran. ECF 1. Her claim is therefore time-barred. Accordingly, the Court will dismiss the RESPA claim.

III. Breach of Contract

Plaintiff failed to plead a breach of contract, and the Court will not grant Plaintiff leave to file a second amended complaint. As part of the loan modification process, Defendant offered to put Plaintiff on a "trial period plan." ECF 12, PgID 260, ¶ 17. Plaintiff posits that the trial period plan constituted a contract, and then Defendant

breached that contract. *Id.* at 272, ¶ 93. To prevail on that claim under Florida law,[1] Plaintiff must show that there was consideration for the parties to enter the trial period plan. *See Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1345 (S.D. Fla. 2011) (explaining the elements of contract formation and breach of contract). Under Florida law, consideration is either a benefit to the promisor or a detriment to the promisee—but performance of a preexisting duty does not count. *Id.* at 1346. The Report found that Plaintiff failed to allege consideration and therefore the claim should be dismissed. ECF 31, PgID 713 ("[P]laintiff makes no allegation at all regarding consideration."). The Court agrees.

Plaintiff does not clearly object to the Report's finding. She opens her objection not by arguing that the Report is wrong, but instead by requesting leave to amend. ECF 32, PgID 733–34. And then instead of addressing the Report's findings, Plaintiff copies and pastes portions of her response brief. *Compare* ECF 19, PgID 534–36 *with* ECF 32, PgID 733–36. Plaintiff ultimately hedges by summarily stating that the first amended complaint sufficiently alleges consideration. ECF 32, PgID 736. That is not a "specific" written objection. *See* Fed. R. Civ. P. 72.1(b)(2). Consequently, it appears Plaintiff does not actually object to the Report's finding but instead seeks only alternative relief (which she did not request from the Magistrate Judge).

But even giving Plaintiff the benefit of the doubt, the Court agrees that Plaintiff failed to adequately allege that there was consideration for the trial period plan. Plaintiff concedes that the only portion of her amended complaint that possibly alleges consideration is ¶ 32. ECF 32, PgID 734–35. That paragraph states: "[Plaintiff] paid

---

[1] The parties' arguments address only Florida law, and the Court interprets that as an agreement that Florida law governs the breach of contract claim.

5

$30,884.63 during this trial period, was forced to declare chapter 13 bankruptcy, and paid for foreclosure defense simply to go forward with Defendant's loan modification process." ECF 12, PgID 262, ¶ 32. And Plaintiff further concedes that the only portion of the allegation that could serve as consideration is the bankruptcy filing. ECF 32, PgID 734–35.

Being "forced" to do something is not the same as consideration. Take, for example, a scenario in which Party A agrees to buy a widget from Party B for $10. Party A's consideration is the $10. Party A might be "forced" to get a job to earn the $10 to pay Party B, but that does not transform the job into consideration. Because Plaintiff failed to provide any additional information regarding how or why filing for bankruptcy was consideration for the trial period plan, she failed to allege facts "sufficient to raise a right to relief above the speculative level[.]" *Hensley*, 579 F.3d at 609 (quotation omitted).

Finally, the Court will not grant leave to amend. First, Plaintiff's "request" is insufficient. Instead of filing a motion, she merely states in an objection that the Report is "predicated solely on a correctable pleading deficiency" and therefore she "should have been given leave to re-plead [the claim]." ECF 32, PgID 734. Assuming, arguendo, that it is permissible for Plaintiff to request leave to amend in an objection,[2] Plaintiff

---

[2] Plaintiff cites *Morse v. McWhorter*, 290 F.3d 795, 798–801 (6th Cir. 2002) for the proposition that she can seek leave to amend in an objection. ECF 32, PgID 735–36. The citation and explanatory parenthetical are inapposite. First, Plaintiff misstates the posture of the case. The plaintiff in *Morse* did not seek leave in an objection to a report and recommendation, she sought leave in conjunction with a motion to alter judgment after the district court adopted the report and recommendation. *Morse*, 290 F.3d at 798 ("On July 28, 2000, the district court adopted and modified portions of the magistrate's report, dismissed the complaint with prejudice and entered judgment for the defendants. Thereafter, plaintiffs moved to alter judgment pursuant to Rule 59(e) and sought leave

6

failed to properly put the Court or Defendant on notice; specifically, she did not state the rule or authority that permits her requested relief and she did not show why the circumstances here comply with that rule or authority. Consequently, Plaintiff's request for leave is inadequately supported.

But even assuming that Plaintiff is seeking leave under Federal Rule of Civil Procedure 15(a)(2), the Court will not grant leave. Rule 15(a)(2) provides that courts "should freely give leave when justice so requires." Justice does not require granting leave when there is evidence of undue delay, bad faith or dilatory motive, repeated failure to cure, undue prejudice, or futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, there is evidence of undue delay and previous failure to cure. Earlier in the case, Defendant filed a motion to dismiss Plaintiff's original complaint and argued that "Plaintiff fails to allege that she provided any consideration[.]" ECF 11, PgID 109. Plaintiff then amended her complaint. ECF 12. Her amended complaint, however, did not remedy the problem. Rather, Plaintiff made the exact same allegation. *Compare* ECF 1, PgID 6, ¶ 27 *with* ECF 12, PgID 262, ¶ 32. Because Plaintiff had an opportunity more than one year ago to remedy her pleading deficiency and failed to do so, the Court finds that granting leave is unwarranted.

Second, there is evidence that granting leave would be futile. The Court's Local Rules state that a "party who moves to amend a pleading shall attach the proposed amended pleading to the motion." E.D. Mich. LR 15.1. Plaintiff failed to file the required attachment. Although that is not grounds for denying Plaintiff's request, it suggests that

---

to amend under Rule 15(a).") The Sixth Circuit noted that the plaintiff's comments in her objection put the defendant on notice such that it would not be prejudiced, the Sixth Circuit did not hold that the objection alone sufficed to grant leave. *Id.* at 801.

7

Plaintiff is unable to remedy her pleadings. Plaintiff's failure to provide any explanation in her objection as to how she would or could amend her pleadings strengthens that suggestion. And finally, Defendant provides evidence that Plaintiff filed bankruptcy to comply with a term of her original mortgage. ECF 15-3, PgID 372, ¶ 4. Consequently, Plaintiff's "forced" bankruptcy appears to be a path chosen to comply with a preexisting duty. Because performance of a preexisting duty cannot constitute consideration, *Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1346 (S.D. Fla. 2011), Plaintiff's requested amendment would be futile.

The Court will therefore dismiss the breach of contract claim and deny Plaintiff leave to amend.

IV.     Breach of Covenant of Good Faith and Fair Dealing

Plaintiff's breach of covenant claim requires a finding that the trial period plan was a contract. Because the Court denied Plaintiff's third objection, *supra* Section III, Plaintiff's fourth objection must also fail. The Court will therefore overrule the fourth objection and dismiss the breach of covenant claim.

**CONCLUSION**

The Court overrules all of Plaintiff's objections, adopts all relevant portions of the Report, and grants Defendant's motion to dismiss. Because no claims remain, the Court will close the case.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objection to Report and Recommendation [32] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Report and Recommendation [31] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint [12] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED.**

                                      s/ Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: March 30, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2018, by electronic and/or ordinary mail.

                                      s/ David Parker
                                        Case Manager